**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LUNXIU CHEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | Case No. 5:26-cv-05887-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Lunxiu Chen filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his civil immigration detention beginning September 24, 2026. See Dkt. 1 ("Petition"). Petitioner is in custody at the Adelanto ICE Processing Center. See id. ¶¶ 4, 16.

Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

## II. BACKGROUND

Petitioner, a native and citizen of China, entered the United States in or around 2015 on a student visa. See Petition ¶ 42. Petitioner maintained his student visa while studying at the University of California, Irvine, until

February 8, 2023. See id. On July 14, 2023, Petitioner applied for asylum with U.S. Citizenship and Immigration Services ("USCIS"). See id.; see also id., Ex. E (USCIS October 15, 2025 Annual Asylum Fee Receipt referencing Petitioner's application received July 14, 2023). The record indicates that Petitioner received employment authorization, created a business, maintained a stable address, and developed community ties. See id. ¶¶ 43, 50, 53. The record indicates that Petitioner has no criminal convictions.[1] See id. ¶ 65.

On September 24, 2026, Petitioner was arrested at his scheduled asylum interview. See id. ¶¶ 1, 45; see also id., Ex. H (USCIS July 9, 2026 notice of September 24, 2026 interview). Petitioner was not provided with a warrant at the time of his arrest, nor an opportunity to contest his detention before a neutral adjudicator. See Petition ¶¶ 45-46, 63-66. The record discloses no reason for the detention. See id. ¶ 63 (alleging that "Respondents detained Petitioner with no justification"). Though the record indicates that Petitioner has filed a custody redetermination request with an Immigration Judge with a hearing scheduled for October 13, 2026, see id. ¶¶ 13, 38, the record does not indicate whether Petitioner received such a hearing, any other post-deprivation process, or the outcome of either. The record indicates that Petitioner was served with a Notice to Appear, charging him as removable under 8 U.S.C. § 1227(a)(1)(B) and placing him in § 240 removal proceedings. See id., Ex. B.

Petitioner claims the arrest and detention violates the Fourth Amendment and the substantive and procedural components of the Fifth

---

[1] Petitioner notes that he had one "arrest" on September 28, 2024 for which charges were never pressed. See Petition ¶ 44. The record indicates that the Irvine Police Department arrested Petitioner for a charge under California Penal Code § 243(E)(1); the District Attorney declined to prosecute due to lack of evidence. See id., Ex. G. The record indicates that the "arrest" was deemed a "detention only" under California Penal Code §§ 849.5, 851.6. See id.

Amendment Due Process Clause. See Petition ¶¶ 48-66. He seeks release, declaratory relief, and an injunction against re-detention absent a hearing. See id. at 17-18 (Prayer).

## III. DISCUSSION

No administratively final removal order has issued, so Petitioner's detention is governed by 8 U.S.C. §§ 1225 or 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). The record does not disclose the provision Respondents invoke, but the analysis does not turn on the same. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

The Fifth Amendment Due Process Clause protects "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" the Clause protects. Zadvydas v. Davis, 533 U.S. 678, 690, 693 (2001).

In Morrissey v. Brewer, the Supreme Court recognized that the decision to release a person from custody creates "at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," generating a liberty interest that "is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482 (1972). District courts in this circuit have often found that this principle extends to noncitizens who have overstayed their visa. See Orozco-Salazar v. Warden, No. 26-4555, 2026 WL 2497334, at *3 (C.D. Cal. Aug. 25, 2026) (collecting cases); Tello Vazquez v. Mullin, No. 26-2039, 2026 WL 1911507, at *2 (W.D. Wash. July 2, 2026) ("The Government could have detained Petitioner at any time after the expiration of his visa in 2021 but did not do so until years later, after Petitioner developed significant ties to the United States. Petitioner's interest in

maintaining his liberty is therefore strong, in the absence of evidence that he is a flight risk or a danger to the community.”).

Here, the Government admitted Petitioner on a visa, had his asylum application on file from July 2023 onward, and took no action for years after his authorized stay expired. Courts in this district have granted relief to noncitizens in the same position who, like Petitioner, had never been detained before their arrest. See Yao v. Janecka, No. 26-4735, 2026 WL 2666861, at *6 (C.D. Cal. Sept. 10, 2026).

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government’s interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying the “flexible” Mathews test to immigration detention).

On balance, the Mathews factors favor Petitioner. The private interest—freedom from confinement—is substantial. While Ninth Circuit precedent requires the Court to also consider “the process [Petitioner] received during this time” and “the further process that was available to him,” id. at 1208, Petitioner’s unopposed allegations reflect that he did not receive a pre-deprivation hearing. Though the record indicates that Petitioner was scheduled for a custody redetermination hearing on October 13, 2026, the record does not show whether Petitioner received such hearing or the outcome of the same. Accordingly, the Court accounts for the further available process and will not “overstate the strength of [Petitioner’s] showing under the first Mathews factor.” Id. at 1207-08.

The risk of erroneous deprivation is high because Respondents took Petitioner into custody without pre-deprivation notice or a pre-deprivation hearing. And no governmental interest in detaining Petitioner without such process appears: Respondents assert no danger or flight risk. See E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (C.D. Cal. 2025). The re-detention violated procedural due process.

The unopposed remedy is release. See Zinermon v. Burch, 494 U.S. 113, 127 (1990) (citations omitted); Jorge M.F. v. Jennings, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); Guillermo M. R., 791 F. Supp. 3d at 1036; Wamsley, 795 F. Supp. 3d at 1324; Yao, 2026 WL 2666861, at *6 (ordering a noncitizen released where she was admitted to the United States on a nonimmigrant visa in 2024, timely applied for asylum, obtained work authorization, and was detained in July 2026 at Los Angeles International Airport upon arrival from a domestic flight without a judicial warrant, prior notice, or a hearing; collecting cases finding that a post-detention bond hearing does not rectify the harm of a due process violation because the petitioner will have already suffered the potentially erroneous detention). That disposition affords complete relief, so the Court does not reach Petitioner's remaining claims or injunction request. The Court expresses no view on any future detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is GRANTED in part.

2. Respondents shall forthwith release Petitioner Lunxiu Chen (A# 242-183-317) on the conditions of his release, if any, in effect immediately before his September 24, 2026 detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are DENIED.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: October 14, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge